IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELON MICHEAL WILLIAMS,

    Petitioner,                      No. CIV S-04-2284 GEB DAD P

   vs.

D.L. RUNNELS, et al.,

    Respondents.                  <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with this action. Respondents have filed an answer to petitioner's amended petition. Petitioner has not filed a traverse despite the fact that respondents' answer includes a motion to dismiss the petition on the ground that it contains an unexhausted claim.

## BACKGROUND

        In the habeas petition filed on October 27, 2004, petitioner alleged three grounds for relief and affirmatively alleged that one of them had not been presented to the state courts. It appeared to the undersigned that petitioner had not presented either his second or his third ground for relief to the state courts. The undersigned dismissed the mixed petition with leave to file an amended petition containing only exhausted claims. Petitioner filed an amended petition on December 9, 2004, alleging two grounds for relief.

On December 29, 2004, the undersigned reviewed petitioner's amended petition and made the following observations:

> Petitioner was advised to raise only the claim or claims presented to the California Supreme Court on direct appeal. Petitioner was directed to file a motion to stay along with his amended petition if he wishes to stay this case while he exhausts additional claims in state court. In the amended petition before the court, petitioner . . . alleges two grounds for relief: (1) his conviction was obtained through a confession that resulted from an unlawful custodial interrogation, and (2) his conviction was obtained in violation of the protection against double jeopardy. Petitioner has not filed a motion to stay the action.
>
> Although petitioner has deleted his unexhausted claim of ineffective assistance of counsel, he has not deleted his double jeopardy claim. In his original petition and his amended petition, he describes only one claim raised in the California Supreme Court. (See Pet. & Amended Pet. at page (3), describing the single claim presented to the California Supreme Court on direct appeal.) The amended petition may be a mixed petition containing one exhausted claim and one unexhausted claim. On the present record, the court is unable to determine whether petitioner has alleged only exhausted claims. The amended petition will be served on respondents so that a record can be made.

(Order filed Dec. 29, 2004, at 2.)

## RESPONDENTS' MOTION

In their answer, respondents assert that the only claim petitioner has presented to the California Supreme Court involved the allegation that his conviction was obtained through the admission of an unlawful confession. (Resp'ts' Answer at 2 & 15.) In support of this assertion, respondents have lodged a copy of the petition for review that was submitted to the California Supreme Court. Petitioner has not disputed respondents' argument or evidence.

In light of petitioner's failure to comply with the court's November 8, 2004 order and his lack of opposition to respondents' motion, the court will dismiss the amended petition as a mixed petition and grant petitioner leave to file a second amended petition alleging only the exhausted claim concerning petitioner's confession. (See Order filed Nov. 8, 2004, at 2-5.) Petitioner is advised that the second amended petition submitted to the court for filing must include a proof of service showing that he served a copy on respondents' counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's December 9, 2004 amended petition is dismissed as a mixed petition filed in violation of the court's order filed November 8, 2004;

2. Petitioner is granted thirty days to file with the court and serve on respondents' counsel a second amended petition that contains only petitioner's exhausted claim concerning his confession; petitioner's second amended petition must bear the docket number assigned to this case and must be labeled "Second Amended Petition;

3. Respondents shall file and serve an answer to petitioner's second amended petition within thirty days after the second amended petition is served; and

4. Petitioner's traverse, if any, shall be filed with the court and served on respondents' counsel within thirty days after respondents' answer is served.

DATED: June 27, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
will2284.lta