IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELON MICHAEL WILLIAMS,

    Petitioner,                                2:04-cv-2284-GEB-DAD-P

    vs.

HIGH DESERT STATE PRISON, et al,

    Respondents.                            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On September 29, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

        The magistrate judge noted in the findings and recommendations that petitioner raised an argument on appeal in state court that was not raised in the instant habeas petition – that his confession to his girlfriend was "tainted" by his prior unlawful confession to the police and

1

should have been suppressed at his trial. (September 29, 2008 findings and recommendations at 7.) The magistrate judge addressed the only argument raised in the petition before this court – that petitioner's statements to his girlfriend resulted from a continuing unlawful police interrogation. In his objections to the findings and recommendations, petitioner appears to be claiming, as he did in state court, that his statements to his girlfriend were "tainted" by his prior unlawful confession to the police.

"A traverse is not the proper pleading to raise additional grounds for relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). However, a district court "has discretion, but is not required," to consider evidence and claims raised for the first time in the objection to a magistrate judge's report. United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). See also Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002). Regardless of whether petitioner intended to raise a claim in the instant petition that his confession to his girlfriend was tainted by his prior unlawful confession to police or whether he is making that claim in his objections for the first time, this court will deny the claim on the merits.

Unlike evidence obtained through a Fourth Amendment violation, the Miranda presumption[1] does not require that the "fruits [of unlawfully obtained confessions] be discarded as inherently tainted." Oregon v. Elstad, 470 U.S. 198, 307 (1985). On the contrary,

> [i]t is an unwarranted extension of Miranda to hold that a simple failure to administer the warnings, unaccompanied by any actual coercion or other circumstances calculated to undermine the suspect's ability to exercise his free will, so taints the investigatory process that a subsequent voluntary and informed waiver is ineffective for some indeterminate period.... [T]he admissibility of any subsequent statement should turn in these circumstances solely on whether it is knowingly and voluntarily made.

Id. at 309. Relying on Elstad, the Ninth Circuit has held that the admissibility of an unsolicited inculpatory statement, following a voluntary statement made in violation of Miranda, turns on

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).

whether the inculpatory statement was knowingly and voluntarily made. Medeiros v. Shimoda, 889 F.2d 819, 824-25 (9th Cir. 1989). Petitioner's confession to the police was obtained in violation of Miranda and Edwards v. Arizona, 451 U.S. 477, 485 (1981), but was not coerced or involuntary. Accordingly, the admissibility of petitioner's subsequent confession to his girlfriend turns on whether it was knowingly and voluntarily made.

   A confession is voluntary if it is "'the product of a rational intellect and a free will.'" Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir. 1989) (quoting Townsend v. Sain, 372 U.S. 293, 307 (1963)). See also Blackburn v. Alabama, 361 U.S. 199, 208 (1960). Voluntariness is to be determined in light of the totality of the circumstances. See Miller v. Fenton, 474 U.S. 104, 112 (1985); Haynes v. Washington, 373 U.S. 503, 513 (1963); Beatty v. Stewart, 303 F.3d 975, 992 (9th Cir. 2002). In the end, the court must determine under the totality of the circumstances whether "the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." Beatty, 303 F.3d at 992 (quoting United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988)). See also Hutto v. Ross, 429 U.S. 28, 30 (1976).

   The California Court of Appeal conducted a thorough analysis of relevant United States Supreme Court authority in reaching its conclusion that petitioner's statements to his girlfriend were voluntarily and therefore were not tainted by the prior unlawful interrogation. (Opinion at 10-13.) The state court's decision is not contrary to or an unreasonable application of federal law and should not be set aside. 28 U.S.C. § 2254(d). As discussed by the California Court of Appeal, there is no evidence that petitioner's confession to his girlfriend was the result of coercion or was otherwise involuntary. Accordingly, petitioner's claim that his confession to his girlfriend was tainted by his prior confession to police is rejected.

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the

///

entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's claim that his conviction was obtained through a confession that was tainted by a prior unlawful police interrogation is denied;

2. The findings and recommendations filed September 29, 2008, are adopted in full; and

3 Petitioner's application for a writ of habeas corpus is denied.

Dated: November 26, 2008

GARLAND E. BURRELL, JR.
United States District Judge